*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                     517135
_____

In the Matter of the Claim of
    JOSEPH MAIORANO,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

ALMAN PLUMBING et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  May 30, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____


        Law Offices of Joseph Romano, Yonkers (Anthony Brooks-
Morgese of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                    _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 30, 2012, which, among other things, denied
claimant's request for a change of venue.

        Claimant applied for workers' compensation benefits,
alleging that he was injured during the course of his employment
as a plumber in New York City.  Although claimant resides in
Brooklyn, he requested that hearings on his claim be held in the
City of White Plains, Westchester County on the ground that it

was "the most convenient location."  A Workers' Compensation Law Judge denied the request.  Upon review, the Workers' Compensation Board affirmed and assessed costs of $500 against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii). Claimant now appeals.

We affirm.  The Chair of the Board has controlling authority to designate the location of hearings (see Workers' Compensation Law § 141; 12 NYCRR 300.7 [b]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]). The Chair issued a policy indicating that hearings are generally to be scheduled "in the district where the claimant resides." Here, inasmuch as claimant failed to articulate a reasonable basis justifying a change of venue outside of his residential district, we will not disturb the Board's decision (see Matter of Toledo v Administration for Children Servs., 112 AD3d at 1210). Regarding the assessment of costs, we have upheld the Board's imposition of a penalty pursuant to Workers' Compensation Law § 114-a (3) (ii) when, as here, substantial evidence supports its determination that a change of venue request was made absent a reasonable basis (see id.; 112 AD3d at 1210; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196-1197 [2013]).  Claimant's remaining arguments, to the extent that they are properly before us, have been considered and found to be without merit.

Stein, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court